UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN DAVID O'NEAL,<br><br>    Plaintiff,<br><br>vs.<br><br>A. SOLIS, et al.,<br><br>    Defendants. | Case No. 1:12-cv-01299-RRB<br><br>**ORDER REGARDING MOTION<br>AT DOCKET 22 AND<br>DISMISSING COMPLAINT** |

Glenn David O'Neal, a state prisoner appearing pro se and in forma pauperis, filed a civil rights action under 42 U.S.C. § 1983.[1]  At Docket 15 the Court entered its Screening Order in which it dismissed Counts I, III, and IV, and Defendants D. Rhine Jr. and M. Gonzalez without prejudice for failure to exhaust his administrative remedies.  The Court also dismissed Counts V, VI, and VII with prejudice. The Court ordered that Defendants A. Solis and A. Carillo must answer Count II. The Court also noted, however, that the Complaint as against A. Solis and A. Carillo would be subject to dismissal if it were established that O'Neal had not exhausted his administrative remedies.

At Docket 22 O'Neal filed a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) requesting that the Court reconsider the Screening Order.  Federal

---

[1]  In addition to Solis, O'Neal has named twenty-four defendants:  (1) A. Carrillo; (2) Associate Warden Hughes; (3) Warden Michael Strainer; (4) Dr. Harold Tate; (5) Chaplain Davis; (6) Captain Lundy; (7) E. Stelter; (8) CCI Brimage; (9) CCI Ybarra; (10) R/R Sgt. John Doe (1); (11) Reception Center John Doe (2); (12) CCI Hewitt; (13) Facility Captain Jones; (14) R/R/ Sgt. John Doe (2); (15) M. Gonzalez; (16) D. Rhine Jr.; (17) Culinary Staff John/Jane Doe – 1; (18) Culinary Staff John/Jane Does – 2; (19) Culinary Staff John/Jane Doe – 3; (20) C/O Cardenas; (21) c/o Martinez; (22) A. Steiber – Culinary Staff; (23) M. Penn – Culinary Staff; and (24) S. Reed.

Rule Civil Procedure 59 governs post-judgment motions to amend judgment or for new trial, not interlocutory orders.  If the court enters an interlocutory order without entering a final judgment, e.g., an order granting summary judgment but no final judgment is entered under Federal Rule Civil Procedure 54, Rule 59 does not apply.[2]  However, as long as a district court retains jurisdiction over a case, it has inherent power to reconsider and modify an interlocutory order for sufficient cause.[3]

That inherent power is not unfettered:  a court may depart from the law of the case doctrine where: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial."[4]  The sole ground that may be applicable to O'Neal's pending motion is the first—clearly erroneous and enforcement would work a manifest injustice.

To the extent that O'Neal claims that contrary to the Court's determination concerning a lack of evidence that O'Neal had exhausted his administrative remedies, O'Neal has attached numerous documents that he contends establish exhaustion.  The fatal flaw in O'Neal's position is that a prisoner must exhaust his administrative remedies

---

[2] United States v. Martin, 226 F.3d 1042, 1048 (9th Cir. 2000).  For entry of a partial judgment see FED. R. CIV. P.  54(b); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FED. PRAC. & PROC. CIV., §2715 (3d ed.).

[3] City of Los Angeles, Harbor Div. v. Santa Monica, 254 F.3d 882, 885 (9th Cir. 2001).

[4] Jeffries v. Wood, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc) (footnote and internal quotes omitted); see Leslie Salt Co. v. United States, 55 F.3d 1388, 1393 (9th Cir. 1995); School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

prior to filing suit, not during the pendency of the suit.[5]  The documents attached to his motion clearly establish that, to the extent they establish exhaustion of his various claims, including his claims against Defendants A. Solis and A. Carillo, exhaustion occurred after July 18, 2012, the date O'Neal filed his complaint.  Accordingly, not only does the Court decline to amend or alter its Screening Order on that basis, but the Complaint as against Defendants A. Solis and A. Carillo must be dismissed as well for failure to timely exhaust administrative remedies.[6]

This Court, having fully considered the matter, finds that reasonable jurists could not disagree with this Court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.  Accordingly, any appeal would be frivolous or taken in bad faith.[7]

**IT IS THEREFORE ORDERED:**

1. The Motion for Reconsideration at Docket 22 is hereby DENIED.

2. The Screening Order at Docket 15 is hereby VACATED.

---

[5]  42 U.S.C. § 1997e(a) (mandating that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted."); see Woodford v. Ngo, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); Booth v. Churner, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[6]  In addition to its powers in screening complaints under 28 U.S.C. § 1915A(a), a trial court may dismiss a complaint for failure to state a claim sua sponte at any time where it becomes obvious that the plaintiff cannot state a claim for relief where, as here, the court has given notice that the complaint was subject to dismissal.  See Sparling v. Hoffman Const. Co., 864 F.2d 635, 638 (9th Cir. 1988); see generally 5B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Adam N. Steinman, Federal Prac. & Proc. Civ. § 1357 (3d ed.).

[7]  28 U.S.C. § 1915(a)(3); see Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of in forma pauperis status is appropriate if the appeal is frivolous).

3. Counts I, II, III, and IV are DISMISSED, without prejudice.

4. Counts V, VI, and VII are DISMISSED, with prejudice.

5. Plaintiff's in forma pauperis status is hereby REVOKED.

The Clerk of the Court is directed to enter judgment accordingly, which states that the dismissal counts as a "strike" under 42 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 5th day of August, 2013.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE